[No. 1081.]

JOSEPH JONES, APPELLANT, v. JOHN Q. ADAMS, RESPONDENT.

ASSIGNMENT OF ERRORS—WHEN SUFFICIENT.—When the notice of motion for new trial specified as one of the grounds relied upon : "That said decision, findings and decree are against law." and the specification of error in the statement, which would have been proper if classed under this sub-division of error, was referred to as an error "committed by the court on the trial of the case:" *Held,* that the specification was sufficient under proper sub-division of error.

APPEAL from the·District Court of the Second Judicial District, Douglas County.

The facts are stated in the opinion.

*N. Soderberg,* for Appellant.

*A. C. Ellis,* for Respondent.

The appellant is not entitled to be heard on the merits on this appeal, because there is no such assignment of error, and specifications. of particular errors under any of the grounds named in the notice of motion for new trial, as the law requires. (*Wilson* v. *Wilson,* 45 Cal. 399; *Vilhac* v. *Biven,* 28 Id. 409; *Sanchez* v. *McMahon,* 35 Id. 218; *Corbett* v. *Job,* 5 Nev. 205; *McWilliams* v. *Hirschman,* Id. 264; *Caldwell* v. *Greely,* Id. 260; *Irwin* v. *Samson,* 10 Id. 283; *Sherman* v. *Shaw,* 9 Id. 152; *Neil* v. *Wynecoop,* Id. 46; *M. V. M. Co.* v. *Dodds,* 6 Id. 264.)

By the Court, HAWLEY, J. :

Respondent contends that appellant is not entitled to be heard on the merits of this case, because there is no such assignment or specification of errors, in the statement on motion for new trial, as the statute requires.

The notice of motion for new trial specified several statutory grounds.   Among others the following :

"3. That said decision, findings and decree are against the law."

"4. Errors in law occurring at the trial and duly excepted to by plaintiff."

The specifications of error are as follows :   "The plaintiff specifies and will rely on his motion for a new trial upon the following errors committed by the court on the trial of said cause :   *   *   *   The court erred in finding and decreeing defendant entitled to three-tenths or any of the waters of said stream, as an appropriator, it clearly appearing from the evidence, and also from the findings, that the plaintiff was a riparian proprietor as to the said stream, his grantors having acquired the title from the United States to three hundred and sixty acres of the land claimed by plaintiff in 1865, and it also appearing that the defendant had not acquired plaintiff's right as a riparian proprietor by grant or prescription."

If appellant had omitted the words "committed by the court on the trial of said cause," it would have been conceded that this specification referred to the third sub-division stated in the notice of motion for a new trial, and we are of opinion that it is sufficient, in its terms, to authorize this court to determine whether the court erred in rendering the judgment it did upon the findings; but respondent contends that by the use of these words (which were wholly unnecessary) appellant has elected to rely solely upon the fourth sub-division, or ground, of his motion, and that the specification does not refer to any "error in law occurring at the trial."

We agree with respondent that the specification has no application, and cannot be considered under the fourth sub-division of the grounds for a new trial.    But we do not think the language of counsel, above stated, destroys the validity of the specification in its application to the third sub-division. He certainly erred in his conclusion that the error relied upon should be classed as an error "committed by the court on the trial of said cause," and if he had only stated that ground in his motion the specification would have been insufficient; but his motion properly embraced another ground under which this specification is sufficient.

Our conclusion is that appellant is entitled to be heard upon the merits presented by this specification of error.

The cause will, therefore, be regularly placed upon the calendar for the April term.